UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**FRANK MITACEK III and SUSAN MITACEK,**<br><br>　　　　Defendant-Debtors<br>_____<br><br>**HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**FRANK MITACEK III and SUSAN MITACEK,**<br><br>　　　　Defendants.<br>_____ | CASE NO. 1:11-CV-0144 AWI<br>ADVERSARY CASE NO. 10-01306-B<br><br>**ORDER WITHDRAWING<br>REFERENCE TO DISTRICT<br>COURT AND CONSOLIDATING<br>CASE WITH CIV. CASE NO. 11-<br>0045** |

　　Plaintiff has filed a motion to withdraw reference of adversary proceeding to the district court. Defendants have filed no opposition. Plaintiff's motion is granted.

**I. History**

　　Defendants Frank and Susan Mitacek ("Defendants") are the officers and owners of Frank's International, Inc. ("Company"). In 1989, the Company established a 401(k) plan ("Plan") whereby employees could direct the Company to withhold salary and put it into the Plan to be invested on their behalf. Defendants were the Plan trustees. Starting in 2005, the Company

1

failed to timely place all of the withheld salary into the Plan in violation of ERISA.

On March 29, 2010, Defendants filed for Chapter 7 bankruptcy. On December 23, 2010, Plaintiff Secretary of Labor ("Plaintiff") filed the present adversary proceeding against Defendants, arguing that losses to the Plan due to Defendants' mismanagement should not be discharged. Separately, Plaintiff also directly filed suit against Defendants in district court on January 10, 2011, Civ. Case No. 11-0045, largely duplicating the allegations of the adversary proceeding.[1] Plaintiff now seeks to have the adversary proceeding withdrawn to district court in order that it may be consolidated with the existing civil complaint. Defendants did not file any opposition. The matter was taken under submission without oral argument.

## II. Legal Standards

Title 28 U.S.C. §157(d) states, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." This language "contains two distinct provisions: the first sentence [for cause shown] allows permissive withdrawal, while the second sentence [U.S. laws affecting interstate commerce] requires mandatory withdrawal in certain situations." In re Coe-Truman Technologies, Inc., 214 B.R. 183, 185 (N.D. Ill. 1997). "The burden of demonstrating both mandatory and discretionary withdrawal is on the movant." In re U.S. Airways Group, Inc., 296 B.R. 673, 667 (E.D. Va. 2003). Any motion to withdraw must be timely. FTC v. First Alliance Mortg. Co., 282 B.R. 894, 902 n.6 (C.D. Cal. 2001).

"Overwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required

---

[1] Plaintiff's position as Secretary of Labor, proceeding under an independent authority to vindicate ERISA rights under 29 U.S.C. §1132(a)(4), means that the automatic stay provision of 11 U.S.C. §362(a) does not apply.

passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts,' From a litigant's perspective, such a reading would also create an 'escape hatch' by which bankruptcy matters could easily be removed to the district court." In re Vicars Ins. Agency, Inc. 96 F.3d 949, 952 (7th Cir. 1996), citations omitted.  The Ninth Circuit has stated that mandatory withdrawal of the reference hinged "on the presence of substantial and material questions of federal law." Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008 n.4 (9th Cir. 1997).

### III. Discussion

In this case, Plaintiff argues for mandatory withdrawal as "resolution of the Adversary Complaint will require substantial and material consideration of ERISA, and thus, pursuant to 28 U.S.C. Section 157(d), her Adversary Complaint must be withdrawn from the Bankruptcy Court to the District Court." Doc. 1, Motion, at 2:23-25.  ERISA affects interstate commerce within the meaning of 28 U.S.C. §157(d). See Olivas v. Diocese of San Diego Educ. & Welfare Corp., 2007 U.S. Dist. LEXIS 60954, *8 (S.D. Cal. Aug. 20, 2007), citing In re Chateaugay Corp., 108 B.R. 27, 28-29 (S.D.N.Y. 1989).  Plaintiff contends "resolution of the allegations in the Adversary Complaint require the reviewing court to determine whether the Plan was an ERISA-covered plan, whether the Defendant-Debtors were ERISA fiduciaries and therefore fiduciaries under Section 523(a)(4) of the Bankruptcy Code, with respect to the Plan, and whether the Defendant-Debtors breached their fiduciary duties under ERISA with respect to the Plan. In short, resolution of the Adversary Complaint requires substantial interpretation of ERISA and not merely its rote application." Doc. 1, Motion, at 7:20-8:2.  This appears to constitute substantial and material questions of federal law per Security Farms.  Courts have routinely found that adversary proceedings like the one at hand (ERISA cases brought by the Secretary of Labor alleging violation of fiduciary duty) qualify for the mandatory withdrawal provision of 28 U.S.C. §157(d). See Solis v. Schmitz, 2011 U.S. Dist. LEXIS 17216, *2 (E.D. Cal. Feb. 11, 2011); Martin v. Friedman, 133 B.R. 609, 612 (N.D. Ohio 1991).

**IV. Order**

Plaintiff's motion is GRANTED. Adversary Proceeding Case No. 10-1306-B is withdrawn to district court. Civ. Case No. 11-0144 and Civ. Case No. 11-0045 are consolidated for all purposes. All further filings are to be made in the docket of Civ. Case No. 11-0045. Plaintiff is ordered to file an amended complaint that reflects the merger of the cases and claims within twenty (20) days of the filing of this order. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE